NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MAC TRUONG, et al.,

        Appellants,                      CIVIL NO. 06-3286 (GEB)

    v.

STEVEN KARTZMAN, ESQUIRE, et al.,

                                      MEMORANDUM OPINION

        Appellees.

**BROWN, Chief District Judge**

        This matter comes before the Court upon appellants Mac Truong, Hugh Mac-Truong and Sylvaine Decrouy (hereinafter "Appellants") motions for leave to appeal and for a stay pending appeal an alleged lack of personal jurisdiction and/or insufficiency of service of process for Appellants Hugh Mac-Truong and Sylvaine Decrouy. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). For the reasons discussed in this Memorandum Opinion, Appellants' motions are denied.

**I. BACKGROUND[1]**

        Mac and Maryse Truong are husband and wife. (Etterman Decl., Exh. A). Sylvaine Decrouy is Maryse Truong's sister. (*Id.*). Hugh Mac Truong is the son of Mac and Maryse Truong. (*Id.*). Mac and Maryse Truong had entered into a lease agreement for existing commercial property located at 377 Broadway, New York, New York. (*Id.*). The property was to be used as a law office for Mac Truong. (*Id.*). In or about 1995, Mac Truong breached the

---

[1] The factual and procedural background to the underlying bankruptcy is substantial. As such, the Court will reference only the background applicable to the instant motions.

conditions of the lease that he and Broadwhite Associates had entered into, and Broadwhite thereafter filed suit. (*Id.*). A trial occurred as a result of the suit, and a judgment in favor of Broadwhite Associates in the amount of $356,509.83 was entered on January 6, 2000. (*Id.*). At the time of the judgment, Mac and Maryse Truong resided at 327 Demott Avenue, Teaneck, New Jersey. (*Id.*).

Two days after the $356,509.83 judgment was entered against the Truongs, Mac and Maryse Truong transferred their interest in 327 Demott Avenue to Maryse Truong's sister, Sylvaine Decrouy, who was residing in France. (*Id.*). A consideration of ten dollars was paid. (*Id.*).

On July 12, 2000, Mac and Maryse Truong filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. (*Id.*). On September 11, 2000, the petition was converted to a Chapter 11 proceeding.

On May 25, 2001, Sylvaine Decrouy transferred her interest in 327 Demott Avenue to the Truongs' son, Hugh Mac Truong. (*Id.*). Hugh Mac Truong was 18 years old at the time of the transfer. (*Id.*). On October 24, 2002, Mac and Maryse Truong's bankruptcy proceeding was dismissed. (*Id.*). The property was not listed as an asset during the bankruptcy.

On April 10, 2003, Broadwhite Associates filed a civil action complaint in New Jersey Superior Court, Law Division, Bergen County, against the aforementioned alleging that the transfer of 327 Demott Avenue to Sylvaine Decrouy and then to Hugh Mac Truong was fraudulent in nature, and sought to have the conveyances set aside, and the property levied to satisfy the previously entered judgment. (*Id.*).

On May 18, 2003, the Truongs and Decrouy filed an Answer and Counterclaims to Broadwhite's complaint. They asserted, as their first affirmative defense, that the New Jersey Superior Court did not have personal jurisdiction over Sylvaine Decrouy or Hugh Mac Truong as "process [was] never . . . properly served upon [them] . . ." (*Id.* at Exh. B).

On September 15, 2003, Mac and Maryse Truong filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. (*Id.* at Exh. E). On September 29, 2003, Mac and Maryse Truong filed a Notice of Removal of the State Court action to federal court, and on October 6, 2003, the action was removed from federal court to bankruptcy court. (Def. Cert., Exh.2 and 3).

On August 27, 2004, United States Bankruptcy Judge Novalyn L. Winfield entered an Order permitting the substitution of Steven P. Kartzman, Chapter 7 trustee as party plaintiff for Broadwhite Associates. (Etterman Decl., Exh. F). As the bankruptcy proceedings regarding Mac and Maryse Truong progressed, several rulings were issued by the bankruptcy court, and several appeals of those rulings have been filed by the Truongs. One of the rulings issued by the bankruptcy court was the determination that Decrouy and Hugh Mac Truong were properly served, and that the court can maintain personal jurisdiction over them. (*Id.* at Exh. G and H). Mac and Maryse Truong's bankruptcy is still pending final disposition

In the instant matter, Appellants seek to stay the bankruptcy proceedings pending leave to appeal. In Appellants' Notice of Appeal, they list "four inextricably intertwined orders . . ." as the basis of their appeal. The first Order which is subject to Appellants' instant motion for leave to appeal and stay pending appeal is an Order denying Hugh Mac Truong's Motion seeking the bankruptcy court to direct the plaintiff to answer interrogatories by a certain date, which was

issued on March 29, 2006. The second Order subject to the instant motion is an Order finding that Hugh Mac Truong is subject to the jurisdiction of the courts and that no additional process is required, which was issued on March 27, 2006. The third Order subject to the motion denied Hugh Mac Truong's motion for sanctions against the trustee, which was issued on March 23, 2006. The fourth Order subject to the instant motion denied a motion for an order vacating entry of default against Sylvaine Decrouy, which was issued on March 24, 2006 (hereinafter "the Orders").

## II. DISCUSSION

### A. Leave to Appeal

In determining whether this Court should grant leave to file an interlocutory appeal from a decision rendered by the Bankruptcy Court, pursuant to 28 U.S.C. § 158(a), the Court is guided by the analogous criteria set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from the district courts to the courts of appeal. *See In Re Magic Restaurants,* 202 B.R. 24, 25 (D. Del. 1996). Leave to file an interlocutory appeal may be granted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See Katz v. Carte Blanche Corporation,* 496 F.2d 747, 754 (3d Cir. 1974). Any appeal under 28 U.S.C. § 1292(b) represents a "deviation from the ordinary policy of avoiding 'piecemeal appellate review of trial court decisions which do not terminate the litigation.'" *Kapossy v. McGraw-Hill, Inc.,* 942 F. Supp. 996, 1001 (D.N.J. 1996) (*quoting United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265 (1982)). Additionally, this Court in its appellate capacity, is not limited by any specific criteria. *See Katz,* 496 F. 2d at 754. Leave

to appeal may be denied for reasons unrelated to the specified criteria, such as the appellate docket or the desire to have a full record before considering the disputed legal issue. *See id.* Finally, an appellant must establish "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *Magic Restaurants,* 202 B.R. at 26 (*citing Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978)).

Turning to the specified criteria, a question of law is controlling if its incorrect disposition is one that would require reversal of the final judgment. *See Kapossy,* 942 F. Supp. at 1001 (*citing Katz,* 496 F. 2d at 755). A motion to file an interlocutory appeal may be denied if the moving party merely questions the correctness of a court's ruling. *See Kapossy,* 942 F. Supp. at 1001 (*citing United States v. Grand Trunk Western R.R.,* 95 F.R.D. 463, 471 (W.D. Mich. 1981)). The second criteria set forth in 28 U.S.C. § 1292(b) requires substantial grounds for difference of opinion as to the correctness of the Bankruptcy Court's legal determination. *See Katz,* 496 F. 2d at 754. Mere disagreement with the court's determination does not create a "substantial grounds for difference of opinion." *See Kapossy,* 942 F. Supp. at 1001. The grounds for a difference of opinion must arise out of genuine doubt as to the correct legal standard. *See id.* Issues of fact are not an appropriate basis for an interlocutory appeal. *See Christy v. Pennsylvania Turnpike Comm.,* 912 F. Supp. 148 (E.D. Pa. 1996). Thirdly, the moving party must demonstrate that a resolution of the matter would materially advance the ultimate termination of the litigation. *See Kapossy,* 942 F. Supp. at 1001.

Here, Appellants have not clearly demonstrated that a "different resolution of the issue would eliminate the need for a trial." *See FDIC v. Parkway Executive Office Center,* 1997 WL 611674, Civ. Nos. 96-121, 96-122 at *3 (E.D. Pa. Sept. 24, 1997). Further, if the Court

determines that the Bankruptcy Court was correct as a matter of law, this litigation will not be advanced, but would be considerably delayed by the time and cost that would be expended by the parties in briefing and arguing the appeal. *See Kapossy,* 942 F. Supp. at 1000. Ultimately, Appellants present nothing more than a disagreement over clearly appropriate rulings by the bankruptcy court. Additionally, as previously addressed, issues of fact are not a basis for an interlocutory appeal, and a large portion of Appellants assertions focus on factual issues. Therefore, Appellants motion for leave to appeal the Orders is denied.

### B. Stay Pending Appeal

As the Court has denied Appellants' motion for leave to appeal, a stay of the bankruptcy proceedings pending appeal is inapplicable. However, even if leave to appeal had been granted, Appellants would nevertheless be precluded from a stay under Bankruptcy Rule 8005.

Specifically, Rule 8005 of the Federal Rules of Bankruptcy Procedure provides that a litigant may seek a stay pending appeal of a final judgment, order or decree. The Rule provides that "[a] motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . must be ordinarily presented to the bankruptcy judge in the first instance."

There is no indication here that this issue was presented to the Bankruptcy Court. Further, claims of bias against Appellants by the Bankruptcy Court are baseless, and do not support circumvention of Rule 8005.

Therefore, for each of the aforementioned reasons, Appellant's request for a stay of the bankruptcy proceedings pending appeal is denied.

III. CONCLUSION

      For the reasons discussed above, Appellants' motion for leave to appeal and stay pending appeal are denied. An appropriate form of order is filed herewith.


                                                s/Garrett E. Brown, Jr.
                                                **HONORABLE GARRETT E. BROWN, JR.**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**